**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 NOV 26  PM 2: 11

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **GULF PRODUCTION COMPANY, INC.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.:** |
| | * | **08-5016** |
| **VERSUS** | * | Honorable |
| | * | |
| **HOOVER OILFIELD SUPPLY, INC.** | * | **DIVISION: "  " MAG. "  "** |
| **AND POLYFLOW, INC.** | * | Magistrate **SECT.B MAG 4** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PETITION FOR DAMAGES/ BREACH OF CONTRACT/BREACH OF IMPLIED WARRANTY/REDHIBITION/VIOLATION OF THE LOUISIANA UNFAIR TRADE PRACTICE ACT/PRODUCT LIABILITY

NOW INTO COURT, through undersigned counsel, comes Gulf Production Company, Inc., (hereinafter referred to as "Gulf"), a Louisiana corporation authorized to do and doing business in St. Tammany Parish, Louisiana and on suggesting to this Honorable Court that:

1.

Made defendants herein are:

a.   Hoover Oil Field Supply, Inc. (hereinafter referred to as " Hoover"), a Texas corporation, authorized to do and doing business in the State of Louisiana;

b.   Polyflow, Inc. (hereinafter referred to as "Polyflow") a Pennsylvania corporation, authorized to do and doing business in the State of Louisiana.

2.

Jurisdiction is based upon diversity of citizenship and requisite jurisdictional amount pursuant to Title 28 U.S.C., Section 1333 et seq.

Fee 350
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.

Gulf Production Company, Inc. contracted with Hoover, concerning the purchase, application and specifications of 4.5" Thermoflex pipe.   The Thermoflex pipe is manufactured by Polyflow.  Hoover is the Distributor of the Thermoflex pipe. Polyflow and Hoover confirmed to Gulf that the Thermoflex pipe was rated at a maximum operating pressure of 1200 psi, with a braid strength of the pipe over 1700 psi.  This specification was printed every eight (8) feet on the Thermoflex pipe.

4.

Gulf received an invoice on February 29, 2008 from Hoover Oil Field Supply, Inc. in the amount of $725,367.00 for 44,000 feet of Thermoflex pipe.  Gulf paid $312,180.00 to Hoover as a down payment on April 8, 2008.

5.

On or about April 21, 2008, Gulf's consultant forwarded an email to Gulf from Hoover and Polyflow stating the following: "This is to confirm that the pipe will be rated for a 1200 psi MAOP up to 150 F.  This will be printed approximately every 8 feet on the tubing. The braid strength for the tubing is just over 1700 psi".  The written quotation from Hoover stated "44,000 feet of 4½ inch Thermoflex pipe rated to 1200 psi".

6.

Polyflow, Hoover and Gulf representatives met in St. Bernard Parish two times prior to the installation of the flow line (Thermoflex pipe) to inspect the area where the flow line

was to be installed and discussed the method of installation. Hoover and Polyflow agreed that the flow line would be on the surface of the marsh and buried under all navigable water bodies. Polyflow and Hoover agreed that this application and construction of the flow line was in accordance with the specifications of the Thermoflex pipe.

7.

Under the direction and/or supervision of Hoover and Polyflow, Gulf constructed a 42,000' flow line in St. Bernard Parish, Louisiana. Hoover and Polyflow had representatives on site for the duration of the construction of this flow line.

8.

The construction of the flow line was completed on June 27, 2008 and hydro tested on the same day. Representatives of Gulf, Hoover and Polyflow witnessed the failure of the flow line during the hydro test in numerous locations at 756 psi. The failures occurred on the buried portions of the flow line. Gulf informed Hoover and Polyflow that all costs associated with the failure of flow line would be the responsibility of Polyflow and Hoover.

9.

Additional field testing was conducted on July 1, 2008 with representatives of Gulf, Hoover and Polyflow. The section of the Thermoflex pipe failed at 996 psi.

10.

Polyflow Hoover and Gulf met in Covington on June 30, 2008, to concerning the failure of the line. Gulf, Polyflow and Hoover agreed that Polyflow and Hoover would be

responsible in correcting the problem and that Antill Pipeline Construction Co., Inc. (pipeline installation contractor) would start invoicing Polyflow from the date of the failure until such time as Antill was released from the job.

11.

On July 17, 2008 Hoover sent a letter to Gulf "de-rating the pipe to a maximum pressure of 850 psi" stating that "the reason for this is that Hoover is of the opinion that the stresses imposed on the pipe from the increased pressure are not effectively transferred from the plastic to the longitudinal braids. At a maximum pressure of 750 psi, the yield strength of the plastic is not exceeded."

12.

On July 23, 2008 Gulf received an email de-rating the maximum operating pressure of the Thermoflex pipe to 800 psi.

13.

On July 24, 2008, Gulf e-mailed a letter to Polyflex and Hoover demanding that Polyflex and Hoover accept responsibility for the defective Thermoflex pipe and pay damages, to-wit:

1) Pay Gulf $1,550,047.45 for costs associated with the installation of the flow line (these costs are presently $1,767,423.61;

2) To credit Gulf for $362,683.35 (monies paid by Gulf to Hoover);

3) Pay $572,320.00 to Antill Pipeline Construction Co., Inc. for its standby time and

testing fees which occurred after the failure of the flow line;

4) Pay for the removal of the entire Thermoflex line, preservation and ultimate disposal of the line;.

5). Pay for the loss of revenue caused by the flow line not operating from June 27, 2008 to such time as a new flow line is constructed.

14.

Polyflow and Hoover represented to Gulf that the Thermoflex pipe was rated at 1,200 psi. The Thermoflex pipe repeatedly failed at numerous locations at 756 psi. Accordingly, the Thermoflex was defective within the meaning of the Louisiana Civil Code Articles 2520 et seq. (redhibitory defects).

15.

Polyflow and Hoover are the manufacturer and seller of the Thermoflex pipe. As such, Polyflow and Hoover knew of the defect but omitted to declare it to Gulf. Therefore, Polyflow and Hoover are solidarily liable to Gulf for breach of implied warranty for the return of the purchase price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale, installation of the flow line, removal of the flow line, loss of revenue as a result of the line not being in operation as of June 28, 2008, the cost incurred by the preservation of the Thermoflex pipe, ultimate disposal of the Thermoflex pipe, for all damages and reasonable attorney fees within the scope of LCC Article 2545.

16.

1st Alternative Cause of Action

Plaintiffs reassert and reavers all allegations set for in paragraphs 1-13 as if same had been set forth herein *in extenso*.  La. R.S.51:1405, et seq. sets forth the Louisiana Unfair Trade Practices Act.  R.S. 51:1405 pertinent part:

> "A. Unfair methods of competition or unfair or deceptive acts or
>
> practices in the context of any trade or commerce are hereby
>
> declared unlawful."

La. R.S. 51:1409 provides a private right of action under the Louisiana Unfair trade Practices Act.  It provides:

> "A. Any person who suffers any ascertainable los of money or
>
> movable property, corporeal or incorporeal, as a result of the use
>
> or employment by another person of an unfair or deceptive
>
> method, act or practice declared unlawful by R.S. 51:1405, may
>
> bring an action individually but not in a representative capacity
>
> to recover actual  damages."

La. R.S. 51: 1409 also provides for the recovery of attorneys' fees and costs.  It provides in pertinent part:

> "In the event that damages are awarded un this section, the
>
> court shall award to the person bringing such action, reasonable

-6-

attorneys' fees and costs."

As described above, the sale of the Thermoflex pipe which did not meet the contract specification constitutes a violation of the Louisiana Unfair Trade Practices Act. Accordingly, Gulf is entitled to all damages, attorney fees and costs occasioned by the actions of the defendants.

17.

2nd Alternative Cause of Action

The defendants are liable to plaintiff under LRS 9:2800.51 - 2800.59 known as the Louisiana Products Liability Act.

WHEREFORE, petitioner prays for judgment against the defendants, Hoover Oilfield Supply, Inc. and Polyflow, Inc, for a sum of money commensurate with the damages herein, attorney fees, together with legal interest thereon from the date of judicial demand, and for all costs of this suit and for all general and equitable relief, **AND FOR A TRIAL BY JURY**.

Respectfully submitted by:

JOHN M. ROBIN, LA. BAR NO. 11341
P. O. BOX 1830
600 COVINGTON CENTER
COVINGTON, LOUISIANA 70434
TELEPHONE: (985) 893-0370
FAX: (985)893-2511

**SERVICE INSTRUCTIONS ON PAGE 8**

**PLEASE RETURN FOR SERVICE VIA LONG ARM:**

**Hoover Oilfield Supply, Inc.**
through agent for service Daniel Pierce
45125 - A Interstate 10
Winnie, Texas 77655

**Polyflow, Inc.**
Jay Wright
422 Buisness Center
W2280 West Drive
Oaks, PA 19456