**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GULF PRODUCTION COMPANY INC., ET AL.,** | * * * * | **CIVIL ACTION**<br><br>**NO. 08-5016 C/W 09-104; 09-2779** |
| **HOOVER OILFIELD SUPPLY, INC. ET AL.,** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Defendant, Polyflow, Inc.'s ("Polyflow") Motion to Dismiss/Stay Cross-Claim (Rec. Doc. No. 57), opposed by Hoover Oilfield Supply, Inc. (Rec. Doc. No. 59), is **GRANTED**.

## BACKGROUND

This cause of action arises out of a products liability/redhibition lawsuit involving hydrocarbon flow line. Flow lines are used to transport product from gas wells to sale lines, processing facilities, or storage sites. Presently, there are eight plaintiffs who allegedly represent various interests in the well(s) at issue. Named as defendants are Hoover, which sold and installed the flow line, and Polyflow, which manufactured the flow line's Thermoflex tubing. Thermoflex is a reinforced, corrosion-resistant continuous polymer tubing that is installed from spools. Hoover's and Polyflow's insurers, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and First Financial Insurance Company, have also recently been made defendants.

On May 20, 2010, Hoover filed a cross-claim against Polyflow

1

(Rec. Doc. No. 43).  Hoover alleges that it entered into a Distributorship and Installation Agreement (the "Agreement") with Polyflow, and that, in accordance with Sections XI and IV(f) of the Agreement, Polyflow owes Hoover indemnity and/or contribution in connection with the captioned, consolidated lawsuits under the agreement and also under Louisiana law.

## **Parties Arguments**

Defendant Polyflow argues that Hoover filed a cross-claim against Polyflow arising out of the Agreement which should be dismissed for improper venue or stayed pending arbitration.  The Agreement contains an arbitration clause that mandates the parties arbitrate the instant dispute in Oaks, Pennsylvania, under Pennsylvania law, and in accordance with the UNCITRAL Arbitration Rules.

Hoover argues that not all of his claims arise out of or relating to the Agreement and are beyond the scope of the arbitration agreement.  Hoover argues that their claims under Louisiana law for indemnity and contribution are not arbitrable.  Hoover further argues that the forum selection clause is invalid because following Pennsylvania choice of law policy would lead to the conclusion that Louisiana, not Pennsylvania, law should apply.

**DISCUSSION**

**I. Forum Selection Clause and Arbitration**

Under Fifth Circuit precedent the Court is to apply federal law, not state law, to determine the enforceability of a forum-selection clause. *Haynsworth v. The Corp.* 121 F.3d 956, 962 (5th Cir. 1997). Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "'heavy burden of proof.'" *Id.* at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972)) In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision... the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable. *Id.* at 962-63 (citing *Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir. 1996)).

The clause might be unreasonable when, among other things, its inclusion is the product of "overreaching" or when its enforcement would "contravene a strong public policy of the forum state." *Id.* at 963. The Fifth Circuit has held that a "forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir.1995).

Hoover argues that the forum selection clause is invalid

3

because Polyflow claims that the court should compel arbitration pursuant to the Pennsylvania Uniform Commercial Arbitration Act. However, the Court will not speculate as to what law the arbitration panel will apply. The Court's issue as presented here is whether the forum selection clause is enforceable so as to dismiss this cause of action for improper venue.

Hoover next argues that the requirement to arbitrate contained in the Agreement does not encompass those claims brought by Hoover that arise solely by operation of Louisiana law and are not arbitrable because those claims are not within the scope of the arbitration clause in the Agreement. Hoover maintains that the cross-claims do not "arise out of or relate to" the Agreement.

Initially, we note that the question of arbitrability is to be decided by the court on the basis of the contract entered into by the parties. *See* 9 U.S.C. § 3; *see also Southland*, 104 S.Ct. at 860 n. 7; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 406, 87 S.Ct. 1801, 1806, 1807, 18 L.Ed.2d 1270 (1967). Arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue ...." *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir.1979). Doubts as to arbitrability are to be resolved in favor of arbitration. *See* Moses H. Cone, 103 S.Ct. at 941. In *Prima Paint*, *supra*, the Supreme Court established that "in passing upon a § 3 application for a

4

stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Pain Corp v. Flood & Conklin Mfg. Co.,* 388 U.S. 395,404 (1967). Thus, for example, if one of the parties alleges fraud in the inducement of the arbitration clause itself, *see id.* at 403-04, 87 S.Ct. at 1805-06, this may be determined by the court. Hoover does not contend, however, nor does it appear from the record, that any dispute exists in this case with regard to either of these issues. Thus, the question of arbitrability as a matter judicially cognizable is settled on the basis of the existence of an arbitration clause that on its face appears broad enough to encompass the Hoover's cross-claims. *See id.* at 406, 87 S.Ct. at 1807.

Here the arbitration provision and forum-selection clause at issue in the agreement provides, in pertinent part, as follows:

> Any dispute, controversy or claim arising out of or relating to this contract, or the breach, termination, or invalidity thereof, shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules as at present in force by a panel of three (3) arbitrators. Each Party shall select one (1) arbitrator. All such arbitration shall be held in Oaks, Pennsylvania, U.S.A. in the English language and the decision of the arbitrators shall be final and binding upon the parties.

We think it is clear that on its face, the language in the arbitration clause and forum selection clause in the Agreement between the parties is broad enough to cover the claims at issue. *See Southland Corp. v. Keating*, 104 S.Ct. at 860 n. 7;

*Prima Paint*, 388 U.S. at 406, 87 S.Ct. at 1807.  Therefore, the cross-claims are arbitrable as the Agreement sets forth the price to be paid and the payment terms–element of the alleged damages in a redhibition action.  The Agreement explains that Polyflow's "risk of loss or damage to the products shall cease upon loading at the designated point of shipment"–a factor which must be evaluated to determine who is liable for an alleged defect.  The Agreement instructs Hoover regarding representation of warranties and sets forth the warranty provided by Polyflow to Hoover, including limitations.  Hoover's cross-claims "arise out of or relate" to the Agreement.  Therefore, the instant cause of action is covered by the arbitration clause and forum-selection clause.[1]

New Orleans, Louisiana this 7th day of August, 2010.

                                                         _____
                                                         United States District Judge

---

[1] The record of this case does not show waiver of right to compel arbitration through substantial invocation of the judicial process.  *MC Asset Recovery, L.L.C., v. Castex Energy, Inc., et al,* No. 09-1451 (5th Cir. Aug. 2, 2010).

6