# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GULF PRODUCTION COMPANY,**  **CIVIL ACTION**
**INC., ET AL.**

**VERSUS**                                   **NO:**     **08-5016**
                                             **C/W**     **09-0104**
                                                         **09-2779**

**HOOVER OILFIELD SUPPLY, INC.,**            **SECTION: "B" (4)**
**ET AL.**

## ORDER

**IT IS ORDERED** that First Financial Insurance Company's **Ex Parte Motion for Expedited Hearing on Motion to Quash Notice of 30(b)(6) Deposition of First Financial Insurance Company (R. Doc. 279)** is hereby **GRANTED.**

Before the Court is a **Motion to Quash Notice of Deposition (R. Doc. 278)** filed by the Cross-Defendant, First Financial Insurance Company, seeking an Order quashing the 30(b)(6) Notice of Deposition served by Defendant, Polyflow, Inc., on March 7, 2011.

## I.    Background

Gulf Production Company, Inc. ("Gulf Production") filed the underlying diversity action on November 26, 2008.[1] Gulf Production is the operator and working interest partner of a Joint Operating Agreement whose purpose is the exploration and development of leased and/or oil and gas interest for

---

[1] The instant action is consolidated with two other cases, Civ. Action. 09-2779 and Civ. Action 09-0104.

the production of oil and gas in St. Bernard Parish, Louisiana.  (R. Doc. 20, p. 2.)  The other working interest partners are Gulf Explorer, Kaiser, and Ralco.  Each working interest partner receives a percentage of ownership based on the percentage invested in the project.  (R. Doc. 20, p. 3.)  Through the Joint Operating Agreement, Gulf Production and the other working interest partners held mineral leases which enabled them to operate, develop, and produce oil and gas from the leased land.  At issue in the present case are two wells located on the leased land which were found to be capable of producing natural gas to be transmitted to a point of sale.  (Case No. 09-104, R. Doc. 5-1, p. 1.)

As the operator, Gulf Production contracted with Hoover, a distributor, for a Thermoflex Pipe that would be installed in the well heads of two different wells to transport natural gas to a production facility for eventual sale.  (R. Doc. 20, p. 3.)  Polyflow, the manufacturer of the Thermoflex Pipe, had a distributorship agreement with Hoover. (R. Doc. 20, p. 3.)   Allegedly, Hoover and Polyflow represented that the pipes could withstand the amount of pressure necessary to transport the gas.  The flow line was installed and construction was completed on June 27, 2008.  The flow line was tested on the same day and the test results indicated that the pipes failed to perform to the expected standards.  On July 1, 2008, the pipes were re-tested and failed.  (R. Doc. 20, p. 4.)  Due to the gas line failure, there was no extraction of natural gas from the two wells.

The Plaintiffs filed suit against the Defendants alleging redhibition, negligence, misrepresentation, and violation of the Louisiana Unfair Trade Practices Act and the Louisiana Products Liability Act.  (R. Doc. 1, ¶¶ 16-17.)  The Plaintiffs seek damages, including loss of revenue, resulting from the failure of the flow lines.

On March 4, 2011, the presiding Judge granted Polyflow's Motion for Leave to File an Amended Answer To Include a Cross Claim (R. Doc. 264), and First Financial Insurance Company

was added as a Cross-Defendant in the above captioned litigation.  In his Order, the presiding Judge required that First Financial expedite the filing of its answer to the cross claim no later than March 17, 2011. *Id.*

As to the instant motion, on March 7, 2011, the first business day after First Financial was added as a party, Polyflow unilaterally noticed a Rule 30(b)(6) deposition to occur four days later, on March 11, 2011.  First Financial opposes the motion because it contends that four days does not provide the requisite reasonable notice for a Rule 30(b)(6) deposition.  In addition, First Financial contends that the notice is too broadly written, the topics are beyond the scope of discoverable information, and it requires First Financial, which is located in Burlington, NC, to appear for a deposition in Metairie, Louisiana, with only four days notice.

## II.   <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Fed.R.Civ.P. 26(b)(1).   The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979).   Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably

cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c).  In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.*

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  Fed.R.Civ.P. 30(b)(6).  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. *Id.*

## III.    <u>Analysis</u>

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden.  Fed. R. Civ. P. 45(c)(3).  Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

Furthermore, Rule 45(c)(3) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

Here, the Notice of Deposition seeks to proceed with a corporate deposition four days after service of the notice.  Although Rule 45 does not specify what amount of time is "reasonable," courts have ruled that a week or less is not sufficient notice pursuant to the rules.  *See, e.g. Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008)(finding that three days notice of deposition was clearly unreasonable).  Given the extensive topics of deposition provided in the Notice of Deposition, including but not limited to information regarding the terms and conditions of Polyflow's insurance policy, the procedure for adjusting and processing a claim, and reserve information, four days is clearly unreasonable and contrary to Rule 45.

Accordingly,

**IT IS ORDERED** that First Financial Insurance Company's **Motion to Quash Notice of Deposition (R. Doc. 278)** is hereby **GRANTED.**

New Orleans, Louisiana, this 10th day of March 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**