UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GULF PRODUCTION COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    08-5016** |
| | **C/W   09-2779** |
| | **         09-0104** |
| **HOOVER OILFIELD SUPPLY, INC., ET AL.** | **SECTION: "B" (4)** |

### ORDER

Before the Court is a **Motion to Quash Notice of Deposition (R. Doc. 418)** filed by First Financial Insurance Company, seeking an Order from this Court quashing the Notice of Rule 30(b)(6) deposition issued by Polyflow, Inc. ("Polyflow"). Polyflow opposes the motion. (R. Doc. 430). This motion was heard with oral argument on **April 27, 2011**.

### I.     Background

Gulf Production Company, Inc. ("Gulf Production") filed the underlying diversity action on November 26, 2008. Gulf Production is the operator and working interest partner of a joint operating agreement whose purpose is the exploration and development of leased and/or oil and gas interest for the production of oil and gas in St. Bernard Parish, Louisiana. (R. Doc. 20, p. 2.) The other working interest partners are Gulf Explorer, Kaiser, and Ralco. Each working interest partner receives a percentage of ownership based on the percentage invested in the project. (R. Doc. 20, p. 3.) Through the joint operating agreement, Gulf Production and the other working interest partners

held mineral leases which enabled them to operate, develop, and produce oil and gas from the leased land. At issue in the present case are two wells located on the leased land which were found to be capable of producing natural gas to be transmitted to a point of sale. (Case No. 09-104, R. Doc. 5-1, p. 1.)

As the operator, Gulf contracted with Hoover, a distributor, for a Thermoflex Pipe that would be installed in the well heads of two different wells to transport natural gas to a production facility for eventual sale. (R. Doc. 20, p. 3.) Polyflow, the manufacturer of the Thermoflex Pipe, had a distributorship agreement with Hoover. (R. Doc. 20, p. 3.) Allegedly, Hoover and Polyflow represented that the pipes could withstand the amount of pressure necessary to transport the gas. The flow line was installed and construction was completed on June 27, 2008. The flow line was tested on the same day and the test results indicated that the pipes failed to perform to the expected standards. On July 1, 2008, the pipes were re-tested and failed. (R. Doc. 20, p. 4.) Due to the gas line failure, there was no extraction of natural gas from the two wells. The length of time that the failure of the pipes prevent oil and gas extractions is disputed.

The Plaintiffs filed suit against the Defendants alleging redhibition, negligence, misrepresentation, and violation of the Louisiana Unfair Trade Practices Act and the Louisiana Products Liability Act. (R Doc. 1, ¶¶ 16-17.) The Plaintiffs seek damages, including loss of revenue resulting from the failure of the flow lines.

Polyflow contends that it is a named insured on First Financial Comprehensive General Liability policy number HGL0018169. (R. Doc. 265, ¶ 3.) Polyflow asserts that it has paid over $37,000 in annual premiums. (R. Doc. 265, ¶ 4.) According to Polyflow, the policy requires First Financial to defend and indemnify Polyflow for the claims asserted by the Plaintiffs in the above

captioned matter. *Id.* Polyflow contends that it made a demand for such defense and indemnity from First Financial but its requests were denied arbitrarily and without reasonable basis. (R. Doc. 265, ¶ 5.) Polyflow contends that First Financial's actions and inactions constitute a bad faith breach of its duty of good faith and fair dealing, and its duty to defend and indemnify Polyflow. *Id.*

Polyflow filed a Motion for Leave to Amend Answer to Include Cross-Claim on February 22, 2011, which sought to assert a cross claim against First Financial. (R. Doc. 194.) On March 4, 2011, the presiding Judge granted the Order and required First Financial to file its Answer no later than March 17, 2011. (R. Doc. 264.) On March 16, 2011, First Financial filed its Answer. (R. Doc. 339.)

On March 7, 2011, Polyflow issued a Notice of 30(b)(6) deposition seeking to conduct a corporate deposition of First Financial. On March 9, 2011, First Financial Insurance Company moved to quash a Notice of 30(b)(6) deposition issued by Polyflow. First Financial Insurance Company contended that the Notice should be quashed because it did not provide reasonable notice to comply. Further, First Financial argued that the topics of deposition were not discoverable under the Federal Rules. On March 11, 2011, the undersigned granted the Motion to Quash finding that Polyflow has unreasonably noticed the deposition to occur four days after service of the notice. (R. Doc. 294.)

Subsequently, on March 11, 2011, Polyflow re-issued its Notice of 30(b)(6) Deposition, seeking to conduct a corporate deposition of First Financial on March 22, 2011. On March 16, 2011, First Financial filed a Motion to Quash Notice of Deposition contending that the discovery deadline expired on March 11, 2011. As a result, First Financial contended that the Notice of Deposition was untimely, and therefore should be quashed. The Court agreed, and on March 21, 2011, the

undersigned quashed the Notice of Deposition because the notice sought to conduct a deposition eleven days after the discovery deadline and six days before the trial, which was scheduled for March 28, 2011.

On March 22, 2011, the presiding Judge continued the trial on the above captioned matter. (R. Doc. 381.)  In his Order continuing the trial, the presiding Judge noted that the "continuance is issued to allow completion of remaining depositions." (R. Doc. 381, p. 1.)  Subsequently, on April 5, 2011, Polyflow noticed a Rule 30(b)(6) deposition of First Financial to occur on May 12, 2011. (R. Doc. 418-2, p. 1.)

As to the instant motion, First Financial Insurance Company seeks, for the third time, an Order quashing Polyflow's Notice of 30(b)(6) deposition which seeks a corporate deposition of First Financial Insurance Company.  First Financial contends that the notice does not give reasonable notice of the deposition.  It further contends that the discovery deadline has passed, and therefore Polyflow is precluded from taking the deposition.  Finally, it contends that the topics listed in the Notice of Deposition are overly vague and irrelevant, seek work product and legal opinion, or are otherwise not discoverable.  Polyflow opposes the motion.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and

necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

## III.   Analysis

### A.   Timeliness of Requests

First Financial was not added as a party to above captioned matter until Friday, March 4, 2011. On Monday, March 7, 2011, Polyflow filed its first notice in an attempt to secure First Financial's Rule 30(b)(6) deposition which was quashed because it did not provide a reasonable amount of time in which to comply. After the notice was quashed, Polyflow filed a second notice of deposition which sought a deposition after the March 11, 2011, discovery deadline. For that reason, the Court quashed the notice. The day after the Court quashed the notice, the presiding Judge continued the trial in order to permit the parties to conduct their remaining depositions.

In light of the fact that First Financial was not a party to this litigation until March 4, 2011,

and the fact that the presiding Judge gave First Financial until March 17, 2011, to file its Answer, the Court finds that Polyflow should be permitted to conduct discovery with First Financial because the presiding Judge provided that the issues on this claim could be joined after the March 11, 2011, discovery deadline. Further, Polyflow made multiple attempts to secure First Financial's deposition prior to the presiding Judge's Order which continued trial to permit the completion of deposition. As a result, the Court finds that Polyflow can appropriately seek the 30(b)(6) deposition of First Financial after the discovery deadline. As such, the notice is timely.

**B.      Topics**

First Financial contends that the topics of discussion included in the corporate notice are beyond the scope of discoverable information. First Financial contends that the topics are over broad. Further, it avers that the topics seek to obtain legal strategy and opinion information because it requires the corporate representative to argue the substance of their motion for summary judgment and various defenses raised in this litigation.

Polyflow disagrees and contends that its topics are neither irrelevant or overly vague. It further contends that the responses do not seek legal opinions. At the hearing, Polyflow asserted that its topics are tailored to obtain information from First Financial relating to its coverage defenses and Polyflow's bad faith claims.

Although the Court agrees that Polyflow should be permitted to take the corporate deposition of First Financial, the topics of discussion included in the notice are over broad and run a substantial risk of encompassing and encroaching on privilege issues. For example, Topic 5 seeks "the factual basis for First Financial's coverage defenses related to Polyflow's insurance claim and the litigation, including but not limited to, the exclusions referenced in First Financial's Motion for Summary

Judgment and supporting documents." (R. Doc. 418-2, p. 4.) This topic requires a corporate representative to obtain the Motion for Summary Judgment and interpret it. It further requires the representative to testify as to his or her interpretation of the pleading. This clearly seeks a legal opinion, and is therefore inappropriate.

Although Polyflow contends that it seeks information to address the various defenses raised by First Financial, many of the topics relate more to trial strategy. For example, Polyflow seeks to depose a corporate representative as to the identity of witnesses who might be called at trial and all exhibits that First Financial may use at trial. (*See* R. Doc. 418-2, p. 4, Topics 8, 9.) The Court first notes that these determinations would not be made by a corporate representative. Instead, these are determinations which are made by counsel. As such, the topics seek to obtain information as to counsel's strategy. Further, these requests are more reminiscent of interrogatory and request for production requests which have been asked by Polyflow in the form of a notice of deposition. This is improper.

Although the Court finds that Polyflow is certainly entitled to depose First Financial in this matter, the topics of discussion as written are improper. As such, Polyflow must modify their notice to include narrowly tailored topics of discussion.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Quash Notice of Deposition (R. Doc. 418)** is hereby **GRANTED IN PART AND DENIED IN PART.**

- First Financial's request to quash the deposition because it was untimely noticed is hereby **DENIED**. The Court finds that Polyflow is entitled to a corporate deposition of First Financial.

- First Financial's request to quash the deposition because the topics are over broad and seek privileged information is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Polyflow shall re-notice the Rule 30(b)(6) deposition of First Financial with narrowly tailored topics of discussion which do not encroach upon privileged issues or lawyer strategy.

New Orleans, Louisiana, this 6th day of May 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**