UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GULF PRODUCTION COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   08-5016**<br>**C/W   09-2779**<br>**         09-0104** |
| **HOOVER OILFIELD SUPPLY, INC., ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is a **Motion to Quash Amended Rule 30(b)(6) Notice of Deposition of First Financial Insurance Company (R. Doc. 471)** filed by First Financial Insurance Company, seeking an Order from this Court quashing the Notice of Rule 30(b)(6) deposition issued by Polyflow, Inc. ("Polyflow"). Polyflow opposes the motion. (R. Doc. 481). This motion was heard on the briefs on **June 22, 2011**.

### I.    Background

Gulf Production Company, Inc. ("Gulf Production") filed the underlying diversity action on November 26, 2008. Gulf Production is the operator and working interest partner of a joint operating agreement whose purpose is the exploration and development of leased and/or oil and gas interest for the production of oil and gas in St. Bernard Parish, Louisiana. (R. Doc. 20, p. 2.) The other working interest partners are Gulf Explorer, Kaiser, and Ralco. Each working interest partner receives a percentage of ownership based on the percentage invested in the project. (R. Doc. 20, p.

3.) Through the joint operating agreement, Gulf Production and the other working interest partners held mineral leases which enabled them to operate, develop, and produce oil and gas from the leased land.  At issue in the present case are two wells located on the leased land which were found to be capable of producing natural gas to be transmitted to a point of sale. (Case No. 09-104, R. Doc. 5-1, p. 1.)

As the operator, Gulf Production contracted with Hoover, a distributor, for a Thermoflex Pipe that would be installed in the well heads of two different wells to transport natural gas to a production facility for eventual sale.  (R. Doc. 20, p. 3.)  Polyflow, the manufacturer of the Thermoflex Pipe, had a distributorship agreement with Hoover.[1] (R. Doc. 20, p. 3.)  Allegedly, Hoover and Polyflow represented that the pipes could withstand the amount of pressure necessary to transport the gas.  The flow line was installed and construction was completed on June 27, 2008.  The flow line was tested on the same day and the test results indicated that the pipes failed to perform to the expected standards.  On July 1, 2008, the pipes were re-tested and failed.  (R. Doc. 20, p. 4.)  Due to the gas line failure, there was no extraction of natural gas from the two wells.  The length of time that the failure of the pipes prevented oil and gas extractions is disputed.

The Plaintiffs filed suit against the Defendants alleging redhibition, negligence, misrepresentation, and violation of the Louisiana Unfair Trade Practices Act and the Louisiana Products Liability Act.  (R Doc. 1, ¶¶ 16-17.)  The Plaintiffs seek damages, including loss of revenue resulting from the failure of the flow lines.

Polyflow contends that it is a named insured on First Financial Comprehensive General Liability policy number HGL0018169.  (R. Doc. 265, ¶ 3.)  Polyflow asserts that it has paid over

---

[1]Gulf Production settled its claims against Hoover.

$37,000 in annual premiums. (R. Doc. 265, ¶ 4.) According to Polyflow, the policy requires First Financial to defend and indemnify Polyflow for the claims asserted by the Plaintiffs in the above captioned matter. *Id.* Polyflow contends that it made a demand for such defense and indemnity from First Financial but its requests were denied arbitrarily and without reasonable basis. (R. Doc. 265, ¶ 5.) Polyflow contends that First Financial's actions and inactions constitute a bad faith breach of its duty of good faith and fair dealing, and its duty to defend and indemnify Polyflow. *Id.*

Polyflow filed a Motion for Leave to Amend Answer to Include Cross-Claim on February 22, 2011, which sought to assert a cross claim against First Financial. (R. Doc. 194.) On March 4, 2011, the presiding Judge granted the Order and required First Financial to file its Answer no later than March 17, 2011. (R. Doc. 264.) On March 16, 2011, First Financial filed its Answer. (R. Doc. 339.)

Before First Financial could file its answer to the Complaint, on March 7, 2011, Polyflow issued a Notice of 30(b)(6) deposition seeking to conduct a corporate deposition of First Financial. On March 9, 2011, First Financial Insurance Company moved to quash a Notice of 30(b)(6) deposition issued by Polyflow. First Financial Insurance Company contended that the Notice should be quashed because it did not provide reasonable notice to comply. Further, First Financial argued that the topics of deposition were not discoverable under the Federal Rules. On March 11, 2011, the undersigned granted the Motion to Quash finding that Polyflow has unreasonably noticed the deposition to occur four days after service of the notice. (R. Doc. 294.)

Subsequently, on March 11, 2011, Polyflow re-issued its Notice of 30(b)(6) Deposition, seeking to conduct a corporate deposition of First Financial on March 22, 2011. On March 16, 2011, First Financial filed a Motion to Quash Notice of Deposition contending that the discovery deadline

expired on March 11, 2011. As a result, First Financial contended that the Notice of Deposition was untimely, and therefore should be quashed. The Court agreed, and on March 21, 2011, the undersigned quashed the Notice of Deposition because the notice sought to conduct a deposition eleven days after the discovery deadline and six days before the trial, which was scheduled for March 28, 2011.

On March 22, 2011, the presiding Judge continued the trial on the above captioned matter. (R. Doc. 381.) In his Order continuing the trial, the presiding Judge noted that the "continuance is issued to allow completion of remaining depositions." (R. Doc. 381, p. 1.) Subsequently, on April 5, 2011, Polyflow noticed a Rule 30(b)(6) deposition of First Financial to occur on May 12, 2011. (R. Doc. 418-2, p. 1.)

On April 13, 2011, for the third time, First Financial filed a motion to quash seeking an Order quashing Polyflow's third Notice of 30(b)(6) deposition which seeks a corporate deposition of First Financial Insurance Company. The notice of deposition was served on April 5, 2011. First Financial argued that the discovery deadline had passed, and therefore the notice was untimely. Further, First Financial averred that the notice should be quashed because the topics listed in the Notice of Deposition were overly vague, irrelevant, sought work product and legal opinion, or were otherwise not discoverable.

The Court found that because Polyflow had made multiple attempts to secure First Financial's deposition prior to the presiding Judge's Order which continued the trial to permit the completion of depositions, the notice was timely. The Court found that Polyflow was "certainly entitled to depose First Financial." (R. Doc. 442, p. 7.) However, the Court quashed the motion finding that the eighteen (18) topics contained in the notice were overly broad and sought privileged

4

information.  The Court further ordered Polyflow to "re-notice the Rule 30(b)(6) deposition of First Financial with narrowly tailored topics of discussion which do not encroach upon privileged issues or lawyer strategy."  (R. Doc. 442, p. 8.)

As to the instant motion, on May 9, 2011, Polyflow issued its fourth Notice of Rule 30(B)(6) Deposition of First Financial Insurance Company.  (R. Doc. 47-3, p. 1.)  Attached to the notice were two Exhibits.  Exhibit A contained 83 topics of discussion for the deposition of First Financial's corporate representative.  Exhibit B contained eight (8) categories of documents to be produced in conjunction with the noticed deposition.  Topics 64 through 83 of the Notice of Deposition were included by Polyflow at the request of the other Plaintiffs.  Polyflow has since withdrawn these topics.  (*See* R. Doc. 481, p. 2.)

First Financial seeks, for the fourth time, an Order quashing this Notice of Deposition.  First Financial contends that, contrary to this Court's May 9, 2011, Order, Polyflow has not narrowly tailored the topics of discussion and has instead broadly expanded the topics to 63 topics of discussion.  First Financial contends that the topics of inquiry are overly broad, not narrowly tailored, and seek privileged information including mental impressions and legal analysis.  Further, First Financial contends that the document requests seek documents which are outside of the scope of discovery, are overly burdensome, and are irrelevant.  Polyflow opposes the motion.  (R. Doc. 481.)

## II. <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably

5

calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### III. <u>Analysis</u>

First Financial contends that the topics of deposition included in the notice are overly broad and seek irrelevant information. Further, it complains that Polyflow has included topics which seek work product materials and documents prepared in anticipation of litigation. By way of example, First Financial contends that Topics 24 through 34 would require the witness to provide legal opinions as to the basis of First Financial's coverage defenses which had been outlined in a previously filed motion for summary judgment.

As to the document requests included in the notice, First Financial contends that Polyflow seeks documents which reveal attorney/client communications and work product for First Financial. By way of example, First Financial cites to Request 5, which seeks documents pertaining to reserve information. First Financial contends that, although it is willing to produce a corporate representative for deposition, it will do so only to the extent that Polyflow seeks non-privileged testimony and documentation.

In contrast, Polyflow contends that although the topics listed in the deposition have increased in number from the previously quashed Notice of Deposition, this is only because "Polyflow took great care not just to specifically detail the topic areas of testimony sought, but essentially included in its notice *specific questions* that would be asked in the deposition." (R. Doc. 481, p. 2)(Emphasis in Original). Polyflow contends that it has provided "what is tantamount to a deposition outline." *Id.* Polyflow contends that it has fully complied with the undersigned's Order by providing a detailed and itemized list of topics which clarifies the topics in which Polyflow seeks to depose First Financial.

Polyflow further contends that First Financial's motion is merely a ploy to avoid production of any discovery before First Financial filed a Motion for Summary Judgment to dismiss Polyflow's bad faith claim.[2] Further, Polyflow contends that First Financial has refused to produce any documents in this matter despite the fact that it has not issued any written objections to the document requests. Polyflow contends that First Financial has therefore waived any such objections to the document requests.

The Court finds that Polyflow's Notice of Deposition is in contravention of this Court's May

---

[2] The presiding Judge ultimately denied leave for First Financial to file their Motion for Summary Judgment regarding the bad faith claim.

9, 2011, Order. The Court specifically ordered Polyflow to "narrowly tailor[] [its] topics of discussion" to topics "which do not encroach upon privileged issues or lawyer strategy." (R. Doc. 442, p. 8.) On its face, expanding the proposed deposition topics from 18 various topics to 82, or even the 62 considering Polyflow's withdrawal of requests 63 to 82, does not in any way narrowly tailor the sought topics of discussion.

Furthermore, the Court is not persuaded that Polyflow "took great care" to narrow their topics. A review of the various 62 requests demonstrates that many of the requests are duplicative and do nothing more than reword a previous request. This cannot be construed as narrowly tailoring the subjects and instead is quite the contrary. Polyflow's amended notice is unduly burdensome and completely disregards this Court's earlier Order. For example, Topic 4[3] seeks the same information as Topic 3[4]; namely formal and informal policies or procedures for adjusting and processing third-party claims under commercial general liability policies. Topic 12[5] similarly seeks the same information as Topic 11[6]; namely, formal and informal policies or procedures for the review or and the decision to pay defense costs/invoices submitted by an insured and associated with a third-party

---

[3]Specifically, Topic 4 seeks "First Financial's practice, whether formal or informal, concerning the adjusting and processing of third-party claims under commercial general liability policies." (R. Doc. 471-3, p. 4.)

[4]Specifically, Topic 3 seeks "Any formal, official, or required procedures of First Financial concerning the adjusting and processing of third-party claims under commercial general liability policies." (R. Doc. 471-3, p. 4.)

[5]Specifically, Topic 12 seeks, "First Financial's practices and procedures, whether formal or informal, concerning the review of and decision to pay defense costs/invoices submitted by an insured and associated with a third-party claim made under a commercial general liability policy." (R. Doc. 471-3, p. 5.)

[6]Specifically, Topic 11 seeks, "Any formal, official, or required procedures of First Financial concerning the review of and decision to pay defense costs/invoices submitted by an insured and associated with a third-party claim made under a commercial general liability policy." (R. Doc. 471-3, p. 5.)

8

claim made under a commercial general liability policy. Topics 19[7] and 20[8] are similarly duplicative. These are only a few examples. Polyflow has clearly failed to streamline their 30(b)(6) Notice of Deposition, despite their assertions to the contrary.

Furthermore, many of the topics, like the previous Notice which was quashed by this Court, relate to lawyer strategy or other privilege issues. By way of example, Topic 55 seeks "First Financial's evaluation of settlement of the claims asserted against Polyflow in the Litigation and the identification of all facts, materials, documents, or other information considered by First Financial in that evaluation." (R. Doc. 471-3, p. 9.) This is only one example, as the Court declines to identify each and every one of the numerous violations.

Insofar that Polyflow contends that First Financial has waived any objections to the documents requested in the deposition notice by failing to issue any written objections, the Court finds this argument is without merit. The Court has quashed each and every deposition notice served on First Financial and issued by Polyflow. Therefore, to date, First Financial has been under no obligation to respond to the documents requests accompanying the various Notices of Deposition.

Accordingly, the Court quashes the subject notice of deposition. Furthermore, the Court finds that attorney's fees are appropriate in this matter. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P.37(b)(2)(A)(vii). Specifically, Rule 37(b)(2)(A) provides:

---

[7]Specifically, Topic 19 seeks, "Any formal, official, or required procedures of First Financial concerning the adjusting and processing of third-party claims under commercial liability policies used, implemented, or adhered to in the receipt, handling, investigation, processing, and adjustment of the Policy Claim." (R. Doc. 471-3, p. 6.)

[8]Specifically, Topic 20 seeks, "Any formal or informal practice concerning the adjusting and processing of third-party claims under commercial general liability policies used, implemented, or adhered to in the receipt, handling, investigation, processing, and adjustment of the Policy Claim." (R. Doc. 471-3, p. 6.)

9

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following:
>     (I) directing that the matters embraced in the order or other designated facts be taken as establishing for purposes of the action, as the prevailing party claims;
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>     (iii)    striking pleadings in whole or in part;
>     (iv)    staying further proceedings until the order is obeyed;
>     (v)    dismissing the action or proceedings in whole or in part;
> (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). The rule further provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P.37(b)(2)(C).

Because Polyflow is in violation of this Court's Order, the Court finds that an award of attorneys' fees is appropriate here. Further, the Court limits the award of attorneys' fees to those incurred in bringing the present Motion to Quash (R. Doc. 471) and the April 13, 2011, Motion to Quash (R. Doc. 442).

Furthermore, given that it appears that counsel for Polyflow have disregarded this Court's earlier ruling, the Court notes that the dispute between Polyflow and First Financial relates solely to coverage. Counsel is therefore ordered to limit its topics to fifteen (15) topical items which are narrowly tailored to coverage issues, which are not unduly burdensome, and which do not encroach on any matters of privilege. In addition, the Court will not permit Polyflow to depose First Financial until Polyflow appropriately complies with this Court's Order.

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that First Financial Insurance Company's **Motion to Quash Amended Rule 30(b)(6) Notice of Deposition of First Financial Insurance Company (R. Doc. 471)** is hereby **GRANTED** and the Rule 30(b)(6) Notice of Deposition of First Financial Insurance Company is hereby **QUASHED.**

**IT IS FURTHER ORDERED** that Polyflow shall not be permitted to take the Corporate Deposition of First Financial Insurance Company unless it limits the topics contained in the notice to **fifteen (15) requests** which are narrowly tailored to coverage issues, are not unduly burdensome, and do not encroach on any matters of privilege

**IT IS FURTHER ORDERED** that an award of attorney's fees, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), for having brought the subject motion (R. Doc. 471) and the April 13, 2011, Motion to Quash (R. Doc. 442) are hereby imposed against Polyflow, Inc.

**IT IS FURTHER ORDERED** that First Financial Insurance company shall file a motion to fix attorney's fees into the record by **Wednesday, July 20, 2011**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) documentation required by Local Rule 54.2  Any opposition to the fee application shall be filed no later than **Wednesday, July 27, 2011**.  The Defendants shall notice the motion to fix attorney's fees for hearing on **Wednesday, August 3, 2011**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 7th day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

11