UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GULF PRODUCTION COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:**     **08-5016 c/w**<br>          **09-0104 & 09-2779** |
| **HOOVER OILFIELD SUPPLY, INC. AND POLYFLOW, INC.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Motion to Fix Attorney Fees and Costs (R. Doc. 509)** filed by First Financial Insurance Company ("First Financial") seeking attorney's fees pursuant to the Court's order of July 7, 2011 (R. Doc. 503) and the Motion to Quash ( R. Doc. 471) and the prior April 13, 2011 Motion to Quash ( R. Doc. 442).

**I.      Factual Summary**

Gulf Production Company, Inc. ("Gulf Production") the operator and working interest partner of a Joint Operating Agreement[1] filed the underlying diversity action against the manufacturer of a Thermoflex Pipe that would be installed in the well heads of two different wells to transport natural gas to a production facility for eventual sale.[2]  (R. Doc. 20, p. 3.)  Polyflow, the manufacturer of the Thermoflex Pipe, had a distributorship agreement with Hoover. (R. Doc. 20, p. 3.)  Allegedly, Hoover and Polyflow represented that the pipes could withstand the amount of

---

[1] The other working interest partners are Gulf Explorer, Kaiser, and Ralco.  Each working interest partner receives a percentage of ownership based on the percentage invested in the project.  (R. Doc. 20, p. 3.)

[2] The Plaintiffs filed suit against the Defendants alleging redhibition, negligence, misrepresentation, and violation of the Louisiana Unfair Trade Practices Act and the Louisiana Products Liability Act.  (R. Doc. 1, ¶¶ 16-17.)

pressure necessary to transport the gas however the flow line allegedly failed upon testing. As a result of the flow line failure, there was no extraction of natural gas from the two wells and the plaintiffs seek damages, including loss of revenue, resulting from the failure of the flow lines.

During the course of the litigation, Polyflow sued its insurer for the alleged denial of their defense and indemnity claims asserted . Polyflow contends that First Financial's denial constituted bad faith and breach of its duty of fair dealing. As a result, beginning in April 2011, Gulf Production issued a Notice to take the Corporate Deposition of its insurer, First Financial Insurance Company. First Financial filed a Motion to Quash the Notice of Deposition (R. Doc. 418) which was granted by the Court because the topics of discussion identified in the notice were over broad and substantially encroached on First Financial counsel's strategy. Polyflow was instructed to streamline the topic of discussion.

However, on May 9, 2011, Polyflow issued another notice and rather than streamline the topics as directed by the Court, it increased the number of topics from 18 to 83. First Financial filed another Motion to Quash seeking to quash the Amended Notice of Rule 30(b)(6) Deposition citing Polyflow's failure to follow the instructions of the Court. Thereafter, considering the law and issues, the Court granted First Financial's request and awarded reasonable attorneys fees to First Financial for having to pursue both Motions to Quash.

First Financial thereafter filed the subject motion seeking an order from the court fixing the attorneys fees and costs associated with both motions in the amount of $6,672.30. This figure represents the travel disbursements necessary for attendance at pre-motion meetings and court appearances according to First Financial.

Although in cases sitting in diversity jurisdiction, as in the instant matter, state law governs

the substantive questions of the award and reasonableness of attorney's fees, see *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y,* 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir.2002). However, the instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

The Supreme Court has indicated that the lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 71719 (5th Cir.1974)[3]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice,* 7 F.3d 453 (5th Cir.1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode*

---

[3]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson,* 488 F.2d at 717–19.

*v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990).

## II.     Reasonableness of Rate

There has been no challenge to the reasonableness of the $150.00 rate charged by counsel for First Financial and $75 for a paralegal. The Court therefore finds that the rate of $150.00 is reasonable for attorneys and $75 for a paralegal.

## III.    Reasonableness of Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* ( *citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston,* 831 F.2d 576, 585 (5th Cir.1987).

Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley,* 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642 (5th Cir.2002).

First Financial  contends that his attorney expended 46.0 hours and that the paralegal expended 0.6 hours in handling the above captioned motions. In reviewing the "Statement of Professional Services Rendered," the Court notes that there is no indication that the Plaintiff's

counsel exercised billing judgment. Counsel did not exclude any time that was unproductive, duplicative, or inadequately document.

Polyflow contends that First Financial inappropriately includes time for (1) time charged for client communications (2.0 hrs.) and (2) time charged for meeting or conferring with counsel for other parties (3.0 hrs.)  In reviewing the entries, the Court finds that Polyflow's argument is well founded and 5.0 hours will be disallowed as these entries are not appropriate.

Further, the Court notes that the time allocated for the six page memorandum in support of the Motion to Quash took 7.20 hours.  Also, First Financial's time entry for the Reply Memorandum in support is 5.90 hours.  The Court is of the opinion that the amount of time allocated to this memorandum which was not complex seems relatively high such that the reasonable entry should be reduced to 5.0 hours and for the reply memorandum reduced to 4.60 hours.  All other time entries are reasonably billed to the client for a total of 37.5.  The total reasonable fees $5,670.00.

Polyflow also objects to First Financial submission of information on the expenses it incurred meeting with counsel and attending the hearing on the matter.  The Court finds that Polyflow's objection regarding expenses is well founded such that the expenses are disallowed.

Therefore, it is **ORDERED that the Motion to Fix Attorney Fees and Costs (R. Doc. No. 509)** is awarded in the sum of $5,670.00 for the work performed on the Motions to Quash.

New Orleans, Louisiana, this 2nd day of November 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**