```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **GULF PRODUCTION COMPANY INC., ET AL.,** | NO. 08-5016 "B"(4) C/W<br>09-104<br>09-2779 |
| **VERSUS** | |
| | JUDGE LEMELLE<br>MAG. JUDGE ROBY |
| **HOOVER OILFIELD SUPPLY, INC. ET AL.,** | THIS DOCUMENT RELATES TO ALL CASES |

## ORDER AND REASONS

Before the Court is Defendant First Financial Insurance Company's ("FFIC") Renewed Rule 56(b) Motion for Summary Judgment on Bad Faith Claims (Rec. Doc. No. 568).[1] In response, Ralaco Ventures, L.L.C., B&L Exploration, L.L.C., Biloxi Marsh Lands Corporation ("B&L, et al") filed a Memorandum in Opposition to First Financial Insurance Company's Renewed Motion for Summary Judgment on Bad Faith Claims (Rec. Doc. No. 560). Additionally, in response, Gulf Production, Gulf Explorer, LLC, Kaiser-Francis Gulf Coast (the "Gulf Plaintiffs") filed a Memorandum in Opposition of Renewed Rule 56(b) Motion for Summary Judgment of Bad Faith Claims Filed by First Financial Insurance Company (Rec. Doc. No. 563). Accordingly, and for the reasons pronounced below, **IT IS ORDERED**

---

[1] Filed in response to Polyflow's Amended Answer and Cross-Claim by Polyflow, Inc. Against First Financial Insurance Company. (Rec. Doc. No. 265).

that Defendant First Financial Insurance Company's Renewed Rule 56(b) Motion for Summary Judgment on Bad Faith Claims (Rec. Doc. No. 568) be **DENIED**.

Cause of Action and Facts of the Case:

The facts of this case, the defective product claims for a flowline that allegedly splayed when pressure tested below its advertised maximum pressure limit was reached, allegedly resulting in a delay of production of minerals from the wells at issue, are well known to the Court at this time and need not here be repeated in detail.

## Law and Analysis

a. Motion for Summary Judgment:

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving

party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

It is well settled that whether an insurer breached its duty of good faith and is liable for penalties necessarily requires a factual determination by the trial court. *See Oubre v. La Citizens Fair Plan*, 2011 WL 6379956 at *6 (Dec. 16, 2011). Furthermore, it is well known that LA. REV. STAT. § 22:1973 (formerly LA. REV. STAT. § 22:1220)"also imposes a duty of good faith and fair dealing in performance of the insurance contract." *Oubre*, 2011 WL 6379956 at *5.

Even assuming, *arguendo*, that Polyflow's underlying bad faith claim solely focuses on the issue of attorney fees, FFIC failed to proffer any evidence that there is no genuine issue of material fact concerning this matter. FFIC's key evidence that allegedly denotes an agreement between Polyflow and FFIC merely states "Spoke with insured last week while I was traveling. He states that the agreed hourly rate between all parties was $180.00.

Therefore, review of bills indicate payment as follows: . . . ." (Rec. Doc. No. 568-3, Exh. 1). Yet, nothing in this exhibit depicts who this communication is directed to, or who wrote it. Thusly, it is not clearly demonstrative of an agreement between Polyflow and FFIC concerning the attorney's billing rate of $180.00.

Given this, there is a genuine issue of material fact concerning attorney's fees. Accordingly, it is inappropriate to grant summary judgment on this issue at this juncture.

Furthermore, Polyflow's Amended Answer and Cross-Claim by Polyflow, Inc. Against First Financial Insurance Company (Rec. Doc. No. 265) outlines several reasons for its bad faith claims, which center around the scope of coverage under Polyflow's insurance policy with FFIC.[2] In response, FFIC contends that Polyflow has "ignored the fact that FFIC is, and has been, providing a defense to Polyflow, under a reservation of rights," and that "[i]t is not

---

[2] Some of the claims include the following:

> ¶4: Said policy requires First Financial to defend against and indemnify Polyflow for the claims asserted by plaintiffs in this consolidated litigation.
>
> ¶5: Despite amicable demand, First Financial has arbitrarily and without any reasonable basis refused to fulfill its obligations to Polyflow.
>
> ¶6: First Financial's actions and inactions, including, but not limited to, its continued efforts to disclaim coverage constitute a bad faith breach of its duty of good faith and fair dealing, and its duty to defend and indemnify Polyflow.

(Rec. Doc. No. 265).

possible for the insurance company to be in bad faith when it is providing a defense." (Rec. Doc. No. 568-1 at 1).[3] Furthermore, FFIC asserts that "the failure to pay the amounts demanded by Polyflow does not warrant bad faith penalties unless such failure was arbitrary, capricious, or without probable cause." (Id. at 2).

Thusly, there is a genuine issue of material fact concerning the extent of FFIC's insurance coverage to Polyflow and what that coverage mandates FFIC to do in relation to Polyflow, if anything. As such, this is a factual determination that must be submitted to the trial court. See *Oubre*, 2011 WL 6379956 at *6.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that Defendant First Financial Insurance Company's Renewed Rule 56(b) Motion for Summary Judgment on Bad Faith Claims (Rec. Doc. No. 568) be **DENIED**.

New Orleans, Louisiana, this 10th day of January, 2012.

UNITED STATES DISTRICT JUDGE

---

[3] FFIC fails to provide any caselaw or statutory support for this argument.